**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW GREENBERG,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA et al.,** | : | |
| **Defendants** | : | **NO. 07-3664** |

**M E M O R A N D U M   A N D   O R D E R**

PRATTER, J.                                                                    NOVEMBER 28, 2007

In this action, Matthew Greenberg seeks redress for the United States Department of

Justice's "failure to protect" his legal rights and its "negligence to protect [him] from various

conspiracies."  Mr. Greenberg filed a pro se Complaint against the United States of America, the

Department of Justice and two Department of Justice employees.  Mr. Greenberg's Complaint

alleges violations of 42 U.S.C. §§ 1983, 1985 and 1986, 18 U.S.C. §§ 241, 242, 245, and 42

U.S.C. § 12203, as well as violations of the First, Fourth, Fifth, and Thirteenth Amendments to

the United States Constitution.  The Defendants jointly move to dismiss Mr. Greenberg's

Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  For

the reasons described below, the Defendants' Motion will be granted.

**FACTUAL BACKGROUND**

Mr. Greenberg's Complaint consists of 12 counts, all of which are based upon a factual

scenario generally outlined in the Complaint, and more graphically described in a letter[1] attached

as Exhibit A to the Complaint.  The gist of Mr. Greenberg's claims is that he believes that a

---

[1] This letter demonstrates by way of Mr. Greenberg's disturbing and disjointed, often
inappropriately and gratuitously vile, language and accounts of "events" that Mr. Greenberg's
action may well be considered frivolous or at least the product of a person troubled by conditions
other than legally cognizable wrongs.

conspiracy exists which threatens and endangers his life, that he informed certain officials at the Department of Justice about the conspiracy, and that the Department of Justice has failed to respond adequately to his complaints or to prevent "wrongs" that he is in danger of suffering.

On September 1, 2006, Mr. Greenberg sent a letter to the Department of Justice describing numerous events that form the basis for his conspiracy theories.  For example, Mr. Greenberg alleges that people have been following him, people around him make derogatory comments and call him derogatory names, and that certain devices have been implanted in his body (presumably, without his consent) to monitor his blood pressure or breathing, or to visually record his movements and transmit images back to unnamed third parties.[2]  Mr. Greenberg appears to believe "that it is possible that once a person is in this conspiracy then they eventually are murdered."  (Compl. Ex. A at 4.)  Mr. Greenberg wrote to the Department of Justice seeking "police or federal protection" because he feared that his life was in danger.  Although Mr. Greenberg appears to believe that he is danger of suffering harm as a result of the conspiracy he describes, he does not allege that he has, in fact, suffered any harm.[3]

On September 21, 2006, officials at the Department of Justice responded to Mr. Greenberg by letter notifying him that, while they reviewed the information he submitted, the Department of Justice would not prosecute his case.  The Department of Justice further notified

---

[2] Although Mr. Greenberg purports to describe events that comprise various conspiracies, he actually only describes several, isolated, unrelated events that occurred as far back as 1989 and as recently as 2006.

[3] In the various "wherefore" clauses in the Complaint, however, Mr. Greenberg seeks compensatory damages for "loss of enjoyment of life, emotional pain, physical pain and mental suffering, suffering, inconvenience, mental anguish, loss of society, association, and companionship of friends and family, deprivation of legal right[,] privilege and immunity (disfranchise) and other non-pecuniary losses."  (See, e.g., Compl. ¶ 30.b.)

Mr. Greenberg that if he felt his civil rights had been violated, he should contact private counsel, the nearest legal aid program or a local bar association to pursue his claims.

In his Complaint, Mr. Greenberg alleges that, by failing to investigate and prosecute his complaints based on the information he provided, the Department of Justice and the named Defendants are negligent in protecting him from the various conspiracies.  In their Motion to Dismiss, Defendants contend that Mr. Greenberg's Complaint must be dismissed because (1) the Court lacks jurisdiction over frivolous allegations, (2) Mr. Greenberg has failed to state a constitutional claim, (3) Mr. Greenberg's claims are barred by sovereign immunity, and (4) Mr. Greenberg's claims are barred due to his failure to exhaust administrative remedies.  Mr. Greenberg submitted a brief response to the defense motion, in which he argued that his claims are not frivolous and that if the Court were to afford him the opportunity to conduct discovery, he could show that his claims have merit.

LEGAL STANDARDS

I.      Federal Rule of Civil Procedure 12(b)(1)

A district court can grant a motion to dismiss pursuant to Rule 12(b)(1) based on the legal insufficiency of the claim.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408 (3d Cir. 1991).  In moving to dismiss a claim pursuant to Rule 12(b)(1), a party may challenge a court's jurisdiction either facially, i.e., based on the legal sufficiency of the claim, or factually, i.e., based on the sufficiency of jurisdictional fact.  Medtronic Vascular, Inc. v. Boston Scientific Corp., No. 98-478, 2004 WL 2914922 (D. Del. Dec. 14, 2004).  Dismissal under a facial challenge is proper "only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . . or is wholly insubstantial and frivolous." Id. at *3.  In this

circumstance, a court must accept as true all of the allegations contained in the complaint.  Id.

Where subject matter jurisdiction "in fact" is challenged, the trial court's very power to hear the case is at issue, and the court is therefore "free to weigh the evidence and satisfy itself as to the power to hear the case."  Mortensen v. First Federal Savings and Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).  In such an attack pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000).  Where a defendant attacks a court's factual basis for exercising subject matter jurisdiction, the plaintiff must meet the burden of proving that jurisdiction is appropriate.  Id.

## II.     Federal Rule of Civil Procedure 12(b)(6)

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III.    Pro Se Complaints

"Due to an understandable difference in legal sophistication, a complaint drafted by a pro se litigant must be held to a less exacting standard than a complaint drafted by trained counsel."

4

Lopez v. Brown, 2005 U.S. Dist. LEXIS 26715, *6 (D.N.J. Nov. 4, 2005) (citing Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  A pro se complaint must be liberally construed and can be

dismissed only if it appears to a certainty that the complainant can prove no set of facts which

would entitle him to relief.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## DISCUSSION

After reviewing Mr. Greenberg's Complaint and its attachments, the Defendants' Motion

to Dismiss, and Mr. Greenberg's response to the motion, the Court concludes that even under the

most indulgent consideration Mr. Greenberg's Complaint fails to state any viable cause of action.

Accordingly, Mr. Greenberg's Complaint will be dismissed.

At the outset, the Court notes that Mr. Greenberg's Complaint does not allege that the

United States or any of the named Defendants were a party to, or were in any way involved with,

the various conspiracies that he describes.  Reduced to its essence, Mr. Greenberg's single claim

appears to be that the Department of Justice failed to appreciate the conspiracy he describes as an

actual threat, and failed to take action to protect Mr. Greenberg from potential future harm by

operation of the conspiracy.

Mr. Greenberg's Complaint invokes numerous statutory causes of action, but he has

failed to state a claim under any one of these statutes.  For example, Mr. Greenberg asserts claims

under 42 U.S.C. § 1986[4] for "neglect to prevent" harm resulting from a conspiracy.  (See, e.g.,

---

[4] This Section, in pertinent part, reads:
Every person who, having knowledge that any of the wrongs conspired to be done,
and mentioned in the preceding section [42 U.S.C. § 1985], are about to be
committed, and having power to prevent or aid in preventing the commission of
the same, neglects or refuses so to do, if such wrongful act be committed, shall be
liable to the party injured, or his legal representatives, for all damages caused by
such wrongful act, which such person by reasonable diligence could have

Compl. ¶¶ 29-30.)  To bring an action pursuant to Section 1986, a plaintiff must allege the

existence of a conspiracy described in 42 U.S.C. § 1985.  Section 1985, in turn, describes three

general types of conspiracies: (1) preventing an officer from performing duties; (2) obstructing

justice, or intimidating a party, witness, or juror; and (3) depriving persons of rights or privileges.

See 42 U.S.C. § 1985.  Although Mr. Greenberg's Complaint does not specify which provision

of Section 1985 he invokes here, because it does not mention either preventing any officer from

performing any duties or obstructing any judicial proceeding, it is fair to conclude that provisions

(1) and (2) of Section 1985 are inapplicable.  A straightforward reading of Section 1985(3)[5]

indicates that it, too, is inapplicable here.  According to the Supreme Court,

> [I]n order to prove a private conspiracy in violation of the first clause of §1985(3),
> a plaintiff must show, inter alia, (1) that "some racial, or perhaps otherwise
> class-based, invidiously discriminatory animus [lay] behind the conspirators'
> action," Griffin v. Breckenridge, 403 U.S. 88, 102, 29 L. Ed. 2d 338, 91 S. Ct.
> 1790 (1971), and (2) that the conspiracy "aimed at interfering with rights" that are
> "protected against private, as well as official, encroachment," Carpenters v. Scott,
> 463 U.S. 825, 833, 77 L. Ed. 2d 1049, 103 S. Ct. 3352 (1983).

Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).  Mr. Greenberg's

Complaint does not allege that he was a victim of any "class-based, invidiously discriminatory

---

      prevented . . . .
42 U.S.C. § 1986.

    [5] This Section, in pertinent part, provides:
Depriving persons of rights or privileges. If two or more persons in any State or
Territory conspire, or go in disguise on the highway or on the premises of another,
for the purpose of depriving, either directly or indirectly, any person or class of
persons of the equal protection of the laws, or of equal privileges and immunities
under the laws . . . the party so injured or deprived may have an action for the
recovery of damages, occasioned by such injury or deprivation, against any one or
more of the conspirators.
42 U.S.C. § 1985(3).

6

animus" of any sort.  He merely alleges that the Defendants did not take his individual

complaints seriously.  Therefore, Section 1983(3) does not apply, and Mr. Greenberg's claims

based on Section 1986 will be dismissed.  Mr. Greenberg's other statutory causes of actions also

must fail, and will be dismissed.[6]

Furthermore, although Mr. Greenberg's Complaint purports to assert claims arising under

the U.S. Constitution, the allegations in the Complaint and all reasonable inferences that can be

drawn from it fail to describe any viable constitutional claim against the Defendants.[7]  Therefore,

---

[6] Mr. Greenberg also asserted claims under 42 U.S.C. §§ 1983, 12203, 18 U.S.C. §§ 241, 242, and 245.  Mr. Greenberg's claims under 42 U.S.C. § 1983 fail because Section 1983 imposes liability for conduct carried out under the color of <u>state</u> law which deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983.  To the extent Mr. Greenberg's Complaint describes any conduct by the Defendants that deprived him of a protected right, the Defendants would have been acting under color of <u>federal</u>, and not state, law.

Mr. Greenberg's claims implicating 18 U.S.C. §§ 241, 242, and 245 are simply misplaced because these are criminal statutes that, on their face, do not create private rights of action, give rise to civil actions for damages, or authorize individuals to institute criminal proceedings. <u>United States v. Philadelphia</u>, 482 F. Supp. 1248, 1260 (E.D. Pa. 1979), <u>aff'd</u> 644 F.2d 187 (3d Cir. 1980); <u>Carpenter v. Ashby</u>, No. 06-1451, 2007 U.S. Dist. LEXIS 5265, at *10 (E.D. Pa. Jan. 25, 2007).  Therefore, these claims must be dismissed.  The Court also notes that Mr. Greenberg attempts to assert a "neglect to prevent" harm claim under 42 U.S.C. § 1986, alleging that the Defendants knew about and neglected to prevent a conspiracy that violates 18 U.S.C. §§ 241, 242, and/or 245.  However, as noted above, in order to bring a claim brought pursuant to Section 1986, the conspiracy at issue must be one defined in 42 U.S.C. § 1985.

Finally, Mr. Greenberg's claim under 42 U.S.C. § 12203, which proscribes retaliation and coercion against an individual for having engaged in protected activity in the employment context, is entirely inapposite.  Nothing in the Complaint implicates this provision.

[7] While Mr. Greenberg alleges that his rights under the First, Fourth, Fifth, and Thirteenth Amendments have been violated, his allegations in this regard amount to nothing more than vague, unsubstantiated and illusory allegations.  Mr. Greenberg complains that the Defendants have failed to protect him even though he is "inundated and beleaguered with fighting words that are not protected under the first amendment," in violation of the First Amendment, "not secure in their [sic] person, papers and effects," in violation of the Fourth Amendment, "coerced or controlled in that they [sic] are deprived of liberty [sic] property and the fear of life," in violation of the Fifth Amendment, and "enslaved and providing involuntary servitude," in violation of the

Mr. Greenberg's "constitutional" claims also will be dismissed.

An Order consistent with this Memorandum follows.

---

Thirteenth Amendment.  This litany of unsubstantiated, disparate allegations does not support any cause of action against the Defendants arising under the U.S. Constitution.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW GREENBERG,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA et al.,** | : | |
| **Defendants** | : | NO. 07-3664 |

## <u>O R D E R</u>

     **AND NOW**, this 28th day of November, 2007, upon consideration of the Defendants'

Motion to Dismiss Plaintiff Matthew Greenberg's <u>pro se</u> Complaint (Docket No. 4), and Mr.

Greenberg's response thereto (Docket No. 5), it is hereby **ORDERED** that the Motion (Docket

No. 4) is **GRANTED** and Plaintiff's Complaint (Docket No. 1) is **DISMISSED**.

     The Clerk of the Court shall mark this case **CLOSED** for all purposes, including

statistics.

                       BY THE COURT:


                       <u>S/Gene E.K. Pratter</u>
                       GENE E. K. PRATTER
                       UNITED STATES DISTRICT JUDGE